## NOTICE: SLIP OPINION
### (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**DECEMBER 22, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38743-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| LARON R. GREGORY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Laron Gregory appeals his conviction for felony

driving while under the influence (DUI). He argues the State presented insufficient

evidence to sustain his conviction on the charged offense and it also failed to prove that

an Idaho withheld judgment, one of the predicate DUI offenses, is a "prior offense"

under RCW 46.61.5055(14)(a). We disagree with both arguments and affirm.

FACTS

On March 6, 2020, Mr. Gregory spent the day fishing on the Grand Ronde River in

Asotin County near a fish hatchery. He was one of a number of people fishing that day,

including Conner Campbell, who was fishing with his father, and Brian Cramer, who was

fishing with a large group of friends. In the evening, many of the fishermen gathered in

No. 38743-7-III
*State v. Gregory*

the parking lot to discuss the day's fishing over some beers. As it got dark, Mr. Campbell and Mr. Cramer each left for the night, around 6:30 p.m. Mr. Gregory was still in the parking lot when they left.

Mr. Campbell camped for the night about one and one-half miles down the road from the hatchery. At some point after it was fully dark, Mr. Gregory knocked on the door of Mr. Campbell's camper. Mr. Gregory was soaking wet and drunk. He said he had driven his truck[1] into the river and frantically asked Mr. Campbell and his father to help pull it out. The Campbells did not feel able to assist, and Mr. Gregory left on foot.

The Campbells were concerned about Mr. Gregory's safety and drove down the road trying to locate him. Because they had inconsistent cellular service, they contacted a relative who reported the crash to law enforcement. Due to the remote location and other ongoing incidents in the county, Asotin County Deputy Sheriff Nathan Conley did not arrive at the crash scene until approximately 9:20 p.m.

Mr. Cramer was spending the evening around a campfire with friends at his property further down the road from the crash and the Campbells. A couple hours after it got dark, an unknown person driving a farm truck dropped Mr. Gregory off at the

---

[1] We use the term "truck" because witnesses used that term. The vehicle actually was a 1990 Chevrolet Suburban.

2

No. 38743-7-III
*State v. Gregory*

property.  Mr. Gregory was heavily intoxicated and wet, and he again asked for help pulling his truck out of the river.  Mr. Cramer and his friends gave Mr. Gregory dry clothes, blankets, water, and food.  Mr. Gregory initially sat with the group by the fire, but at one point fell forward toward the fire.  They then moved Mr. Gregory to the bed of a nearby pickup truck and he laid down.  Mr. Cramer later saw Deputy Conley's emergency lights in the distance and called 911 to report the location of the driver of the truck and that he was safe.

After reviewing the scene of the accident, Deputy Conley arrived at Mr. Cramer's property about 9:30 p.m.  Mr. Gregory was breathing but unresponsive in the back of the truck, and Deputy Conley had to rouse him with a sternum rub.  Mr. Gregory's eyes were bloodshot and his eyelids were heavy and, despite the darkness, his pupils were tightly constricted.  Mr. Gregory told Deputy Conley he had become intoxicated after driving into the river.  He admitted drinking before the crash but believed he was fine to drive. When Deputy Conley attempted to pinpoint when Mr. Gregory became intoxicated, Mr. Gregory denied drinking in or at the vehicle after crashing into the river, before the farm truck picked him up, or after the farm truck dropped him off.

Deputy Conley accompanied Mr. Gregory to the hospital to take a blood sample, which was drawn at about 11:00 p.m.  The Washington State Patrol toxicology laboratory

3

No. 38743-7-III
*State v. Gregory*

tested Mr. Gregory's blood sample and reported his blood alcohol concentration (BAC) was 0.29 grams per 100 milliliters and his blood THC[2] concentration was 3.0 nanograms per milliliter.

*Charge*

By amended information, the State charged Mr. Gregory with felony DUI under RCW 46.61.502(6), alleging he had an alcohol concentration of 0.08 or higher within two hours of driving, and he had three or more prior offenses within 10 years as defined by RCW 46.61.5055. Mr. Gregory waived his right to a jury trial and the matter proceeded to a bench trial.

*State's case*

At trial, Mr. Campbell, Mr. Cramer, and Deputy Conley testified about their encounters with Mr. Gregory as outlined above.

In addition, Deputy Conley testified about his training and experience in DUI investigations. He described there being some urgency in taking a blood sample because of the time that had elapsed since the accident: "[A]fter your body metabolizes alcohol it will begin to leave your system, i.e., leave your blood, and . . . the . . . alcohol content will go down, decrease." Report of Proceedings (RP) at 49. He explained:

_____

[2] Tetrahydrocannabinol.

4

No. 38743-7-III
*State v. Gregory*

> As soon as you—swallow any alcohol content . . . your body begins to naturally metabolize it—at a certain rate, depending on how fast you consume it, it's going to . . . I won't say "spike," but—reach a—climax of metabolization. And then after so long it will begin to . . . leave your system, whether it be the air in your lungs or the blood in your body, the alcohol content will eventually decrease, because your body's—excreting it, it's getting rid of it.

RP at 50.

The State offered, and the trial court admitted, three certified Idaho judgments: a 2012 order withholding judgment for DUI, a 2014 judgment for DUI, and a 2016 judgment for DUI.

The 2012 order reflects that Mr. Gregory pleaded guilty to DUI, agreed to pay court costs, agreed to attend alcohol drug and information school and agreed to various other conditions. The order further provided that failure to abide by the agreement would result in imposition of a sentence but that compliance with the agreement would result in dismissal of the DUI charge.

*Defense's case*

Mr. Gregory testified in his own defense. He admitted to smoking marijuana in the morning at the hatchery. He described drinking three or four beers over the course of the afternoon. He testified that he was not under the influence of alcohol when he left the

5

No. 38743-7-III
*State v. Gregory*

hatchery. He agreed that he drove into the river within "two minutes tops" of leaving the

hatchery. RP at 159.

Mr. Gregory testified he began drinking in the truck after the crash. He could not

explain why he did this instead of going to look for help, except he was very upset about

wrecking the truck. He just thought drinking seemed like "the thing to do at the time."

RP at 150-51. He testified he was in the river for 20 to 30 minutes, had a half-gallon

bottle of gin in the truck, and he drank quite a bit of it.

*Closing argument, verdict, and sentencing*

In closing argument, Mr. Gregory's attorney argued that Mr. Gregory's 2012 order

withholding judgment was not a prior offense for felony DUI. The State countered that

the Washington statute included a number of definitions of "prior offense," which

included Mr. Gregory's withheld judgment.

The court found Mr. Gregory guilty of felony driving while under the influence.

It said it had, years before, considered the question whether a withheld judgment is a prior

offense and determined it was.

The court told Mr. Gregory, it "wasn't really believable that you'd want to sit out

in the cold in the water, wet, in your vehicle for about 30 minutes in March, after dark."

RP at 183. In its written findings, the court found that Mr. Gregory drove the truck into

No. 38743-7-III
*State v. Gregory*

the river at 8:00 p.m. or shortly before. It found his testimony that he sat in the truck after crashing not credible. Instead, it found he drank a large amount of alcohol and became impaired before leaving the parking lot.

The court entered a judgment of guilty to the charged offense and sentenced Mr. Gregory to a standard range sentence of 13 months of imprisonment, followed by 12 months of community custody.

Mr. Gregory appeals.

ANALYSIS

A.     SUFFICIENCY OF THE EVIDENCE

Mr. Gregory contends the State presented insufficient evidence to sustain his conviction. We disagree.

In a challenge to the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). After a conviction, we draw all reasonable inferences in favor of the State and against the defendant. *Id.* "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* "[F]ollowing a bench trial, appellate review is limited to determining whether

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38743-7-III
*State v. Gregory*

substantial evidence supports the findings of fact and, if so, whether the findings support

the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014).

Unchallenged findings of fact are verities on appeal. *Id.* at 106.

Mr. Gregory's sufficiency argument relies on his own testimony that he became

intoxicated *after* crashing into the river. He ignores that we view the evidence and

inferences in the light most favorable to the State. *Salinas*, 119 Wn.2d at 201. He also

ignores the trial court's finding that his testimony on that point was not credible. Any

assessment of the sufficiency of the evidence must be premised on the unchallenged

finding that Mr. Gregory drank *before* he drove the truck into the river.

Under RCW 46.61.502(1)(a), the State can prove a defendant was driving under

the influence by showing he had an alcohol concentration of 0.08 or higher within two

hours of driving.

The trial court found that Mr. Gregory drank heavily before he began driving, and

he drove the truck into the river at 8:00 p.m., or shortly before. At 11:00 p.m., about three

hours after driving, Mr. Gregory's BAC was 0.29—well above the legal limit of 0.08.

Deputy Conley testified, without objection, that once a person drinks alcohol, their body

begins metabolizing it, and the alcohol concentration eventually decreases. Based on this

8

No. 38743-7-III
*State v. Gregory*

evidence, the trial court could find beyond a reasonable doubt that Mr. Gregory's BAC

was 0.08 or higher shortly before 10:00 p.m., within two hours of driving.

      B.      THE 2012 PREDICATE OFFENSE

      Mr. Gregory argues that the 2012 Idaho order withholding judgment is not a "prior

offense" under RCW 46.61.5055(14)(a), and thus there was insufficient evidence he had

three DUI offenses within 10 years. We disagree.

      Under RCW 46.61.5055(14)(a)(xvi), a prior offense includes a deferred

prosecution granted in another state for DUI, if the out-of-state deferred prosecution is

equivalent to a deferred prosecution under chapter 10.05 RCW, including the requirement

that the defendant participate in a dependency treatment program. Here, the trial court

found that the Idaho withheld judgment was equivalent to a deferred prosecution under

state law. We note there are important similarities between an Idaho withheld judgment

and a deferred prosecution in Washington. They both involve participation in a

dependency treatment program. *See* RCW 10.05.050(1). And they both result in a near

certain conviction should the defendant not comply with the terms of the order, or

dismissal of the underlying charge if the defendant does comply with the order. *See*

9

No. 38743-7-III
*State v. Gregory*

RCW 10.05.020(3)(d),[3] .090, .100, .120(1). We conclude that the Idaho withheld judgment is "equivalent" to a deferred prosecution under chapter 10.05 RCW so as to constitute a "prior offense" under RCW 46.61.5055(14)(a)(xvi).

Affirmed.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Staab, J.

---

[3] RCW 10.05.020(3)(d) requires the defendant to stipulate to the admissibility and sufficiency of the facts contained in the written police report, so if the deferred prosecution later is revoked, the trial court can rely on the report to enter a conviction on the underlying charge.